IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY KING                                                    PLAINTIFF

          v.                          CIVIL NO. 08-2068

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Bobby King, appealed the Commissioner's denial of benefits to this court.  On

July 17, 2009, a report and recommendation was entered recommending that the case be

remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. # 8).  On

August 4, 2009, the report and recommendation was adopted and the case was remanded for

further consideration.  (Doc. # 9).  On November 2, 2009, Plaintiff filed a motion for attorney's

fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting a

total of $9,123.05 for 41.4 attorney hours and 25.95 paralegal hours.  (Docs. # 10, 11, 16).

Defendant has filed a response to Plaintiff's motion, objecting to the hourly attorney fee as well

as the number of paralegal hours requested.  (Doc. # 15).  On December 15, 2009, a hearing was

held regarding the hourly fee requested by Plaintiff and the number of attorney and paralegal

hours submitted.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  After

reviewing the file, we find Plaintiff is a prevailing party in this matter.  Under *Shalala v.*

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.  *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985)*.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

2

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood,* 487 U.S. 552, 573 (1988).  The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989).  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).  The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's counsel seeks reimbursement for work performed at an hourly rate of $173.55 in 2008 and $171.11 in 2009.  In support of his request, counsel has attached a summary of the Consumer Price Index ("CPI") as an exhibit.  (Doc. #11).

3

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the CPI.

Plaintiff argues that *Johnson* stands for the proposition that the CPI rate should be automatically awarded unless the court finds such an award to be improper or unjust.  (Doc. #16).  In *Johnson*, the Eighth Circuit found that the district court's refusal to grant a cost-of-living increase based on the EAJA's enactment and re-enactment was an abuse of discretion.  919 F.2d at 505.  However, the court clearly stated that "the ultimate amount of an EAJA fee award remains within the district court's discretion."  *Id.*

The court believes that the Plaintiff's argument flies in the face of the clear wording of the statute which states that reasonable attorney fees shall be based upon prevailing market rates for the kind and quality of the services furnished. If the prevailing market rate is above the statutory ceiling of $125 then the court may look to other factors to justify the rate, such as the cost of living. 28 U.S.C. §2412(d)(2)(A).

The court's first task is to determine the prevailing market rate. This court regularly receives and reviews motions for attorney's fees under the EAJA.  Many of those requests are far below Plaintiff's submitted hourly fee.  In fact, many attorneys do not even request a cost-of-

4

living increase. While it might be simple to apply an arithmetic formula to the $125 rate established by Congress that is not what Congress established. Congress was clear that the fee would be based upon the prevailing market rate.

Unlike the court in *Johnson*, this court agrees with Plaintiff that a cost-of-living increase is justified. However, we do not agree that Plaintiff's request for an hourly rate of $173.55 in 2008 and $171.11 in 2009 is a reasonable attorney fee as adjusted for the cost of living in Arkansas. For this reason, the court rejects Plaintiff's argument and recommends awarding attorney fees at an hourly rate of $167.

## **Attorney Hours**

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Counsel seeks a total of 32.2 attorney hours for reviewing the transcript, and researching, drafting, and editing his brief. We find this time to be excessive. There were no unique or complex issues to be developed in this particular case, and the transcript consisted of 657 pages. However, the court recognizes the unique difficulties associated with counsel's sightlessness. As such, we will grant counsel 1.5 times the standard amount awarded for a transcript of this size and complexity. Accordingly, we award counsel 22.5 hours for time spent preparing his appeal brief, resulting in a deduction of 9.7 hours from the total number of compensable hours.

We also find counsel's request for .2 hours for reviewing the scheduling order, 3.4 hours for dictating and customizing the complaint and preparing the summons, and 2.6 hours for preparing his EAJA motion and accompanying documents to be excessive. This court

5

concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Accordingly, using the same formula as above, the court grants counsel .1 hours for reviewing the scheduling order, 2.25 hours for customizing the complaint, and 2.25 hours for preparing his EAJA motion. Therefore, 1.6 hours will be deducted from counsel's total number of compensable hours.

**Paralegal Hours**

A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff,* 128 S.Ct. 2007, 2019 (U.S. 2008). Counsel requests a total of 25.95 paralegal hours at an hourly rate of $75. Plaintiff's counsel submitted affidavits verifying the market rate for paralegal work. (Doc. #11). Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See id.*

Counsel requests 1.2 paralegal hours for interviewing Plaintiff to ascertain his medical history and preparing the *in forma pauperis* application, 4.8 hours for review and summarization of the transcript by his paralegal, 6.35 hours for summarization of medical evidence, 4.75 hours for continued summarization of medical evidence and transcription of brief and argument, 1.75 hours for meeting with counsel, discussing, and reviewing the appeal brief, 2.6 hours for meeting with counsel to review, finalize, and file Plaintiff's brief, and 4.5 hours for meeting with counsel to analyze and compile the EAJA motion and brief. Many of these entries overlap counsel's own time submissions.

Generally speaking, "services that are redundant, inefficient, or simply unnecessary are not compensable" under the EAJA. *Samuel v. Barnhart*, 316 F.Supp.2d 768, 782-83

6

(E.D. Wis. 2004) (quoting *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997)).  In *Samuel*, the court found that identical time billed by both counsel and his paralegal was not compensable.  316 F.Supp.2d at 783.  In reducing the total number of compensable hours, the court noted:

> The use of non-attorneys saves money only when their efforts are not duplicated by counsel.  Perhaps this time was not spent doing the same thing, but plaintiff, who bears the burden of demonstrating that this request is reasonable, has provided no explanation for the redundancy.  Therefore, a reduction is appropriate.

*Id.* at 783.  The issue, however, becomes more complicated when an attorney, due to physical impairment, requires a paralegal to provide specialized services.  In *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994), the court allowed duplicative fees when counsel, due to visual impairment, required a paralegal to read and summarize the transcript and medical evidence.

Due to the unique circumstances in this case, the court finds that duplication of some attorney and paralegal fees is justified.  However, the court finds that many of the paralegal hours requested are for tasks that do not require the expertise of a paralegal.  *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).  Accordingly, the court deducts .10 hours for Plaintiff's initial interview, as no *in forma pauperis* application was filed in this case.  Additionally, the court deducts a total of 10.1 hours from the summarization of medical evidence and preparation of Plaintiff's brief, and 2.25 hours from the preparation of Plaintiff's motion of EAJA fees.  Therefore, 12.45 hours will be deducted from the total number of compensable hours.

Based on the above, we recommend awarding Plaintiff's attorney fees under the EAJA for: 30.1 (41.4-11.3) attorney hours at an hourly rate of $167.00 and 13.5 (25.95-12.45) paralegal hours at an hourly rate of $75, for a total award of $6,039.20 in attorney's fees. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

**The parties have <u>fourteen</u> days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1), *amended by* Pub. L. 111-16, §§ 6(1), 7, 123 Stat. 1607, 1608-09 (2009). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

Dated this 22nd day of December 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

8